[Cite as *State v. Johnson*, 2016-Ohio-873.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 15CA010764 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| REGINAL JOHNSON, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CV179740 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2016

CARR, Presiding Judge.

{¶1} Appellant Northwest Auto Sales appeals the judgment of the Lorain County Court of Common Pleas that granted the State's petition for civil forfeiture of a certain Mercedes Benz vehicle. This Court affirms.

I.

{¶2} The State filed a civil action for forfeiture against Reginal Johnson, Northwest Auto, and various others regarding real and personal property including a certain 2008 Mercedes Benz. The petition alleged that, while the automobile was titled to Northwest Auto, Johnson was the de facto owner with equitable interest. The respondents answered and the parties engaged in discovery. All matters were resolved as to all the property except for the Mercedes. That matter was heard at a bench trial before the magistrate, who issued a decision recommending forfeiture of the Mercedes upon finding that Johnson used the car in the facilitation of a felony and that Northwest Auto was not an innocent owner. Four days later, the trial court adopted the

magistrate's decision, granted the State's petition, and ordered forfeiture of the Mercedes. No party filed objections to the magistrate's decision. Northwest Auto filed a timely appeal, raising three assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE VEHICLE WAS AN INSTRUMENTALITY AS THAT TERM IS DEFINED IN [R.C.] 2981.01(A)(6) & 2981.02(A)(3), AND FURTHER FOUND THAT THE STATE OF OHIO MET ITS BURDEN OF PROOF THAT SUCH VEHICLE SHOULD BE FORFEITED UNDER FAVOR OF R.C.[ ] 2981.05.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT FINDING THAT NORTHWEST AUTO SALES WAS AN INNOCENT OWNER AS DEFINED IN [R.C.] 2981.01(A)(5).

### ASSIGNMENT OF ERROR III

THE MAGISTRATE ERRED AND THE TRIAL COURT AFFIRMED THE ADMISSION OF HEARSAY STATEMENTS MADE BY ANOTHER, IN VIOLATION OF [EVID.R.] 801 & 804.

{¶3} Northwest Auto argues that the trial court erred by granting the State's civil forfeiture petition as it related to the Mercedes. This Court disagrees.

{¶4} Civ.R. 53(D)(3)(b)(i) allows any party to file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether or not the trial court has adopted the decision during that fourteen-day period. Although the court may enter judgment within the fourteen-day period from the filing of the magistrate's decision, "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections * * *." Civ.R. 53(D)(4)(e)(i). In this case, the magistrate issued a decision in favor of the State. Although the trial court adopted the

magistrate's decision four days later, Northwest Auto retained the ability under the civil rules to file timely objections to that decision. It did not, however, file any objections.

{¶5} Except for a claim of plain error, Civ.R. 53(D)(3)(b)(iv) prohibits a party from assigning as error on appeal to this Court the trial court's adoption of the magistrate's decision, including any factual findings or legal conclusions, unless that party has filed objections to those findings or conclusions below. Because Northwest Auto failed to file written objections to the magistrate's findings of fact and conclusions of law it now challenges, it has forfeited its right to raise those issues on appeal. *See Karcher v. Chadima*, 9th Dist. Summit No. 21485, 2004-Ohio-956, ¶ 9. Moreover, Northwest Auto has not alleged plain error and this Court will not create this argument on its behalf. *See Children's Hosp. of Akron v. Paluch*, 9th Dist. Summit No. 27557, 2015-Ohio-2375, ¶ 6.

{¶6} Northwest Auto's assignments of error are overruled.

### III.

{¶7} Northwest Auto's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CANNON, J.
CONCUR.

(CANNON, J., of the Eleventh District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

MYRON P. WATSON, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellee.